IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR171-LSC |
| | ) | |
| CALVIN ARTIS STEWART, JR. | ) | |

**ORDER**

Counsel for the parties appeared at a pretrial conference on 3 January 2006. The preparation of a Recommendation on the defendant's pending Motion to Suppress evidence is in progress, and counsel represented that they were awaiting a decision before determining how this case should be resolved.[1] Thus, this case will not be ready for trial on 23 January 2006, and its resolution will require time beyond that date. This judge and counsel expressed their belief that this case could be ready by the trial term set to commence on 13 February 2006. Neither party opposed continuance of this case from the 23 January 2006 trial term.

While the granting of a continuance is left to the sound discretion of the trial judge, ***United States v. Warren***, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the ***Speedy Trial Act***, 18 U.S.C. §3161 ["The Act]. The Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such a matter. 18 U.S.C. §3161(c)(1). ***See United States v. Vassar***, 916

---

[1] The evidentiary hearing on the Motion to Suppress was held on 22 November 2005; however, the presiding Magistrate Judge was absent from the courthouse for three weeks because of illness.

F.2d 624 (11th Cir. 1990). The Act excludes from this 70-day period any continuance that the judge grants "on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". 18 U.S.C. §3161(h) (8) (A).

In this case, additional time is needed to resolve the Motion to Suppress, and the parties agree that they need additional time to prepare for trial. There is only one defendant in this case, and discovery is complete. Moreover, the defendant has previously filed a waiver of speedy trial (Doc. # 5), and he filed a second waiver on 3 January 2006. The court therefore concludes that the ends of justice served by continuing this case outweigh the interests of the public and the defendant in a speedy trial.

Accordingly, it is hereby ORDERED that this case is hereby CONTINUED to the trial term set to commence on 13 February 2006.

DONE this 11th day of January, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE