IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:05cr171-C |
| ) | |
| CALVIN ARTIS STEWART ) | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Forfeiture Allegation of the indictment in the above case, the United States sought forfeiture of specific property, and,

WHEREAS, defendant Calvin Artis Stewart consents to the forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea on Count 2 of the indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), the Defendant shall forfeit to the United States: all firearms and ammunition involved in the commission the violation of Title 18, United States Code, Section 922(g)(3).

2. The Court has determined that the following firearm is subject to forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c); that the Defendant had an interest in such firearm; and, that the United States has established the requisite nexus between such firearm and such offense:

> **One Taurus, Model Millennium, .40 Caliber Semi-Auto Pistol, bearing serial number SVL11333.**

3.  Upon the entry of this Order, the United States Attorney General is authorized to seize the above-listed firearm and conduct any discovery proper in identifying, locating or disposing of the firearm subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.  Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.  The United States shall publish notice of the Order and its intent to dispose of the firearm in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject firearm.

6.  Any person, other than the above named Defendant, asserting a legal interest in the subject firearm may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject firearm, and for an amendment of the Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment in a criminal case. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.   Any petition filed by a third party asserting an interest in the subject firearm shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject firearm, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject firearm, and any additional facts supporting the petitioner's claim and the relief sought.

9.   After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.  The United States shall have clear title to the subject firearm following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

11.    The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

12.    IT IS FURTHER ORDERED that the Clerk of the Court shall note entry of this Order in writing on the Judgment in a Criminal Case and forward two certified copies of this Order to the United States Attorney's Office.

SO ORDERED this the _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE